■ FRED SERRELL, JR., et al., Respondents, v CONNETQUOT CENTRAL HIGH SCHOOL DISTRICT OF ISLIP, Defendant, and SECTION XI, NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ORGANIZATION, Appellant. [721 NYS2d 107] —In an action to recover damages for personal injuries, etc., the defendant Section XI, New York State Public High School Athletic Organization appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 24, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The injured plaintiff Fred Serrell, Jr., allegedly sustained a serious injury as a result of a series of head injuries incurred while playing football at a public high school on October 29, 1996. Thereafter, the plaintiffs commenced this action against, *inter alia*, the appellant Section XI, New York State Public High School Athletic Organization (hereinafter Section XI), a non-for-profit corporation the main function of which is to schedule school sporting events and to schedule event officials. The plaintiffs alleged that Section XI had and breached a duty to promulgate rules concerning head injuries and a student's return to play after a head injury, and that the breach of such duty was a proximate cause of the injured plaintiff's injuries. After issue was joined and various disclosure completed, Sec-

tion XI moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied such relief, finding the existence of issues of fact. We reverse.

In opposition to Section XI's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that Section XI had and breached a duty to promulgate rules concerning head injuries and a student's return to play after a head injury (*see, Tenuto v Lederle Labs.*, 90 NY2d 606; *Eiseman v State of New York*, 70 NY2d 175; *Akins v Glens Falls City School Dist.*, 53 NY2d 325). Rather, the evidence proffered revealed that such rules were promulgated by the schools and school districts. Here, the relevant rules, which were established in conjunction with medical experts, ultimately placed the responsibility for determinations concerning injuries and the return to play after an injury on the medical personnel examining and/or treating the injured student. Section XI proffered evidence that it was an administrative body whose main function was the scheduling of school sporting events and event officials, and that it had neither the personnel, the expertise, nor the mandate to promulgate rules concerning head injuries and the return to play after a head injury. Accordingly, Section XI was entitled to summary judgment dismissing the complaint insofar as asserted against it. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.